Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00762-CR

Frank **ALEXANDER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR10812
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:  November 9, 2011

AFFIRMED

Frank Alexander was convicted of murder, and the evidence conclusively established that he shot Larry Coats once in the front and twice in the back.  The sole issue presented in this appeal is whether the evidence is legally sufficient to support the jury's implicit rejection of the defenses raised by Alexander.  We hold the evidence is sufficient and affirm the trial court's judgment.

In evaluating the legal sufficiency of the evidence to support a criminal conviction, "we consider all the evidence in the light most favorable to the verdict and determine whether based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The reviewing court must give deference to the responsibility of the trier of fact to weigh the evidence and to fairly resolve conflicts in testimony. *Id*.

The jury was charged to find Alexander not guilty if the jury found that Alexander shot Coats while defending his life or person or the life or person of his wife, Amber Alexander. Amber told Jessica Prince, Coats's common law wife and Amber's cousin, that Coats had made sexual advances toward her. Prince confronted Coats while Amber was present and grabbed Coats when he denied the accusation and lunged at Amber. Amber ran from the house. Amber testified that she later called Alexander and told him that Prince and Coats were chasing her with a gun. Amber testified that she heard Coats yell that he was going to shoot her. Amber returned to Coats's house in a car driven by Alexander to retrieve her car which was parked in a driveway adjacent to Coats's house. Amber testified that when they stopped in front of Coats's house, Coats started beating her after she opened the front passenger door. Amber was unable to explain how a bullet hit Coats if his torso was bent over inside the car while beating her; however, Coats's cell phone, which the evidence showed he had been using minutes earlier, was found in the car that Alexander was driving.

Prince, who witnessed the shooting, stated Amber's door was never opened, and Coats was never closer than three feet to the car. Instead, Prince testified that upon stopping, Alexander opened his driver's side car door and started shooting Coats across the car. Aasim Wilson, who testified as a hostile witness that he could not remember the details of the shooting,

previously told the police that Coats was sitting on the hood of a car in his driveway and was never closer than seven feet to the passenger side of the car.

Dr. Kimberly Molina, who performed the autopsy, initially testified that the bullet that hit Coats from the front might have been fired from two to four feet away; however, on cross-examination, Dr. Molina testified that the estimated distance would increase if Coats had not been wearing a shirt. Dr. Molina stated that the shots were fired from relatively close range, but she could not differentiate between two feet, six feet, or eight feet.

In pertinent part, the jury charge provided:

> Now, if you find from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Frank Alexander did intentionally or knowingly cause the death of an individual, namely, Larry Coats, by shooting Larry Coats with a deadly weapon, namely, a firearm or the defendant, with intent to cause serious bodily injury to an individual, namely, Larry Coats, did commit an act clearly dangerous to human life that caused the death of Larry Coats, by shooting Larry Coats with a deadly weapon, namely, a firearm, as alleged in the indictment, but you further find from the evidence, as viewed from the standpoint of the defendant at the time, that from the words or conduct, or both, of Larry Coats it reasonably appeared to the defendant that his life or person or the life or person of Amber Rose Alexander was in danger and there was created in his mind a reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force at the hands of Larry Coats and that acting under such apprehension and reasonably believing that the use of deadly force on Frank Alexander's part was immediately necessary to protect himself or Amber Rose Alexander against Larry Coates'[s] use or attempted use of unlawful deadly force, he shot Larry Coats with a firearm, then you should acquit the defendant on the grounds of self defense; or if acting in self defense or defense of Amber Rose Alexander on said occasion and under the circumstances, then you should give the defendant the benefit of that doubt and say by your verdict not guilty.

In rejecting Alexander's defenses, the jury could have believed that Coats never approached the car. Alternatively, the jury could have believed that Alexander did not have a reasonable expectation or fear of death or serious bodily injury from the use of unlawful deadly force by Coats. Finally, the jury could have found that Alexander did not reasonably believe that the use of deadly force was immediately necessary to protect Amber or him. Because we defer

to the jury's evaluation of the weight of the evidence and credibility of the witnesses, we hold that the evidence is legally sufficient to support the jury's implicit rejection of Alexander's defenses.

The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH